Citation Nr: 1641954 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-07 872 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for sleep apnea.

2. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for pseudofolliculitis barbae.

3. Entitlement to a rating in excess of 10 percent for left knee strain.

4. Entitlement to a rating in excess of 10 percent for a right knee disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Marenna, Counsel


INTRODUCTION

The Veteran served on active duty from June 1981 to June 1984. This matter comes before the Board of Veterans' Appeals (Board) on appeal from November 2009 and September 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 


REMAND

The issue of entitlement to a rating in excess of 10 percent for a right knee disability was previously before the Board in November 2014 and remanded for additional development, including obtaining a VA orthopedic examination. The Veteran was afforded a VA examination in February 2015. However, the VA examination findings are not adequate for VA adjudication purposes. The VA examination report does not address joint testing on pain on both active and passive motion, or in weight-bearing and non-weight bearing. Correia v. McDonald, 28 Vet. App. 158 (2016) (holding that the final sentence of 38 C.F.R. § 4.59 (2015) requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint). Accordingly, another VA examination is necessary. 

The record reflects that the Veteran is receiving ongoing VA treatment. The most recent VA treatment records in the electronic claims file are from January 2015. Therefore, VA treatment records from January 2015 to present must be obtained.

In a September 2014 rating decision, the RO denied the Veteran's claims to reopen the issues of entitlement to service connection for sleep apnea and pseudofolliculitis barbae, and his claim for entitlement to a rating in excess of 10 percent for left knee strain. A timely notice of disagreement of the issues was received by VA in January 2015. The electronic claims file does not indicate any further development has been completed on these issues. As the RO has not yet provided the Veteran with a statement of the case addressing these claims, the Board must remand the issues. The RO must send the Veteran a statement of the case and allow the Veteran the opportunity and his representative to perfect an appeal of each issue. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is remanded for the following action:

1. The RO must attempt to obtain all of the Veteran's VA treatment records from January 2015 to present. All attempts to secure this evidence must be documented in the claims file by the RO. If, after making reasonable efforts to obtain named records the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond. 

2. Thereafter, the Veteran is to be afforded an examination to determine the current severity of his service-connected right knee disability. The electronic claims file must be made available to the examiner. All pertinent symptomatology and findings must be reported in detail. All indicated diagnostic tests and studies must be accomplished. The examiner must conduct full range of motion studies on the service-connected right knee disability.

The examiner must first record the range of active and passive motion on clinical evaluation, in terms of degrees with a goniometer. If there is clinical evidence of pain on motion, the examiner must indicate the specific degree of motion at which such pain begins. The same range of motion studies must then be repeated after at least three repetitions and after any appropriate weight-bearing exertion. This information must be derived from joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing, and with range of motion measurements of the opposite undamaged joint. 

The examination report must confirm that all such testing has been made and reflect the results of the testing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, the examiner must clearly explain why that is so. 

Then, after reviewing the Veteran's complaints and medical history, the examiner must render an opinion as to the extent to which the Veteran experiences functional impairments, such as weakness, excess fatigability, lack of coordination, or pain due to repeated use or flare-ups, etc. Objective evidence of loss of functional use can include the presence or absence of muscle atrophy and/or the presence or absence of changes in the skin indicative of disuse due to the service-connected right knee disability. 

3. The RO must notify the Veteran that it is his responsibility to report for any examination scheduled, and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained and associated with the Veteran's electronic claims file that shows that notice scheduling the examination was sent to his last known address. Documentation must be also be obtained and associated with the Veteran's electronic claims file demonstrating any notice that was sent was returned as undeliverable.

4. After the development requested has been completed, the RO must review all development actions and any examination report to ensure that they are in complete compliance with the directives of this Remand. If any development action or examination is deficient in any manner, the RO must implement corrective procedures at once.

5. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken above, the claim for entitlement to a rating in excess of 10 percent for a right knee disability must be readjudicated. If the claim on appeal remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

6. Thereafter, the RO must issue a statement of the case and notification of the Veteran's appellate rights on the issues of: (1) whether new and material evidence has been received to reopen a claim for service connection for sleep apnea; (2) whether new and material evidence has been received to reopen a claim for service connection for pseudofolliculitis barbae; and (3) entitlement to a rating in excess of 10 percent for left knee strain. See 38 C.F.R. §§ 19.29, 19.30 (2015). The Veteran is reminded that to vest jurisdiction over these issues with the Board, a timely substantive appeal must be filed. 38 C.F.R. § 20.202 (2015). If the Veteran perfects an appeal of any of these issues, they must be certified to the Board for appellate review.

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).